NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued: March 29, 2012

Decided: April 23, 2012

*Before*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 11-2639

| | |
|---|---|
| ANAGO FRANCHISING, INCORPORATED, | ] Appeal from the United |
| | ] States District Court for |
| *Plaintiff-Appellant,* | ] the Northern District of |
| | ] Illinois, Eastern Division |
| | ] |
| v. | ] No. 11 C 585 |
| | ] |
| | ] |
| IMTN, INC., an Illinois Corporation, ET AL., | ] |
| | ] |
| | ] **John Darrah,** |
| *Defendants-Appellees.* | ] *Judge.* |

*O R D E R*

Anago Franchising ("Anago") initiated an action in federal court alleging trademark

infringement under the federal Lanham Act, breach of contract, and a right to injunctive relief against IMTN, Inc., Myron L. Schuchman, and Tim Conn. The district court granted the motion to dismiss, holding that Anago had failed to state a claim on the trademark infringement claim and declining to exercise supplemental jurisdiction over the remaining claims. Anago now appeals that dismissal.

The focus of the parties on appeal is a narrow one and therefore we limit our factual discussion to those facts relevant to that analysis. Anago is a franchisor of commercial cleaning subfranchises to various individuals and businesses. Anago gave IMTN, an Illinois corporation, the exclusive right to use Anago's franchise system in the Chicago areas through a Subfranchisor Rights Agreement ("SRA") entered in or about January 25, 2001. "Anago" is a registered mark with the United States Patent and Trademark Office. Pursuant to the SRA, IMTN had the right to enter into agreements with unit franchisees and the right to enter into agreements to clean commercial accounts in the name of Anago, and IMTN was required to use software specifically developed by Anago. Cleantelligent is a software company which provides special software for commercial cleaning companies, and is in direct competition with Anago and its software products. Accordingly, Anago was disturbed when it discovered a letter on Cleantelligent's website written on Anago stationery indicating that Anago Chicago was a customer that used the Cleantelligent software and praising both the software and Cleantelligent's personal attention and customer service.

As the January 25, 2011 date neared for the renewal of the subfranchise, the parties engaged in negotiations for a renewal of the agreement, which ultimately proved fruitless. On January 10, 2011, Anago wrote to defendants' counsel notifying them that Anago was terminating the SRA. The defendants responded with a letter of January 14, 2011, alleging that the termination was improper but expressing a willingness to allow the agreement to expire by its own terms on January 25, 2011. On January 15, 2011, Conn sent a letter to Glenview Animal Hospital, an IMTN client, and that letter forms the crux of Anago's trademark infringement claim. The letter notified Glenview Animal Hospital of a "big change" in the company, stating:

> [A]fter 10 years, our franchise relationship with Anago will expire on January 25, 2011. We have decided to explore other options that would best suit our clients and our franchises.
>
> At midnight on January 25, 2011, we will close operations as "Anago Chicago." We have made arrangements with another company, Image One Facility Solutions, to take over the servicing of your account, starting at 12:01 a.m. on January 25, 2011. The transition from Anago Chicago to Image One Facility Solutions will be seamless. Image One will take over all our office staff and all of our cleaning crews (unless they choose NOT to be a part of Image One.) You can reach Image One at the same address and telephone number.

The only difference you should see is the name on the invoice sent to you. ….
You will receive a letter from Image One Facility Solutions introducing itself and
giving you information regarding where future payments should be sent.

Anago argues that the January 15 letter to Glenview Animal Hospital - and presumably
other clients as well - constituted trademark infringement in violation of the Lanham Act. All
parties agree that in order to succeed on a claim for trademark infringement under the Lanham
Act, the plaintiff must establish a likelihood of consumer confusion.

The only allegation Anago makes of consumer confusion in the amended complaint is as
follows:

The continued unlawful use by Defendants of the Anago mark, for a company
with identical services in the identical geographic area as those offered by Anago,
has or will inevitably cause confusion and deception of the trade and the public
and will lead the public erroneously to believe that Cleantelligent's or IOFS
[Image One] services are either sponsored by Anago or are offered with the
consent and authority of Anago.

The district court noted that a plaintiff pursuing a Lanham Act claim must demonstrate that (1)
its mark is protectable and (2) the defendants' use of the mark is likely to cause confusion among
consumers. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001); *Eli Lilly & Co.
v. Natural Answers, Inc.*, 233 F.3d 465, 461 (7th Cir. 2000). The court concluded that Anago
had failed to allege facts that plausibly suggest that the defendants used Anago's service mark in
a manner likely to confuse consumers as to the source of the services.

We review the granting of a motion to dismiss de novo. *Stayart v. Yahoo! Inc.,* 623 F.3d
436, 438 (7th Cir. 2010). To survive a motion to dismiss, the complaint must contain sufficient
factual allegations which, accepted as true, state a claim for relief that is plausible on its face.
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Independent Trust Corp. v. Stewart Information Services
Corp.*, 665 F.3d 930, 934-35 (7th Cir. 2012). Thus, a plaintiff "to survive dismissal 'must plead
some facts that suggest a right to relief that is beyond the "speculative level."'" *In re marchFIRST
Inc.*, 589 F.3d 901, 905 (7th Cir. 2009). To meet this plausibility standard, the complaint must
supply enough facts to establish a reasonable expectation that discovery will yield evidence
supporting the plaintiff's allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007);
*Indep. Trust Corp.*, 665 F.3d at 935. Moreover, a plaintiff can plead itself out of court by
pleading facts that show it has no legal claim. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th
Cir. 2011).

Anago argues that the district court erred in requiring Anago to plead the element
"continued use" in order to state a Lanham Act claim. That claim is disingenuous. The district
court discussed whether there were facts indicating continued use of the mark because Anago's

amended complaint alleged that the defendants' continued use of the mark would cause consumer confusion - - in other words, the court merely focused on the allegations of Anago's complaint, as is proper for a motion to dismiss. The complaint alleged that continued use of the mark and the letters to Cleantelligent and to Glenview Animal Hospital would lead the public to erroneously believe that Cleantelligent or Image One services are either sponsored by Anago or are offered with the consent and authority of Anago. The district court thus addressed the claim as Anago presented it, and did not require the establishment of any additional elements.

Anago argues on appeal that the defendants - with the letters to Cleantelligent and the Glenview Animal Hospital - marketed Image One as a successor to the Anago entity and created the impression that it would be providing a continuation of Anago's system and services. This is a case in which there is no reasonable expectation that discovery will reveal evidence supporting Anago's allegations. In fact, Anago has pled facts that show it has no legal claim.

The letter to Cleantelligent is by its very terms the letter of a customer to a business whose product the customer has used. There is absolutely nothing in that letter to indicate that Cleantelligent is affiliated with Anago. There are no other allegations pertaining to Cleantelligent in the complaint, and Anago does not attempt on appeal to explain why that customer satisfaction letter on Cleantelligent's website should constitute a trademark infringement. Instead, Anago appears to consider the Cleantelligent letter as a breach of the SRA contract, which it may well be but that is an issue over which the district court declined to exercise supplemental jurisdiction.

The main argument pursued by Anago is that the January letter to Glenview Animal Hospital, and presumably other clients as well, caused client confusion. The language of the letter belies any such claim. The letter made clear that the franchise relationship with Anago was expiring, that at midnight on January 25th it would close operations as Anago of Chicago, that it had made arrangements with another company to take over servicing the account, and that it hoped the client would be confident in the services provided by the new company. Far from creating confusion as to whether the new company was a part of Anago or sponsored by Anago, the letter makes clear to the client that the new company is a distinct entity with no relationship to Anago, and that Anago of Chicago as a franchise of Anago would close operations. Moreover, the letter negates any contention of continuing use of the mark, because it explicitly disavows any ongoing connection with Anago and declares that further correspondence will be on behalf of a new, independent company. The letter prevents rather than causes consumer confusion, and therefore there are no factual allegations indicating a plausible claim. Anago may have a separate claim for breach of the SRA, but the factual allegations in the complaint doom the claim of trademark infringement. The district court properly granted the motion to dismiss, and acted within its discretion in declining to exercise supplemental jurisdiction. We have considered appellees request for sanctions, but have determined that sanctions are not warranted and decline to impose them.

The decision of the district court is AFFIRMED.